**Affirmed and Memorandum Opinion on Remand filed May 21, 2013.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-11-00227-CR

---

## EX PARTE LEONARDO AGUILAR

---

**On Appeal from the 248th District Court
Harris County, Texas
Trial Court Cause No. 1290892**

---

## M E M O R A N D U M   O P I N I O N   O N   R E M A N D

On original submission, appellant Leonardo Aguilar appealed from the trial court's denial of his application for writ of habeas corpus. Appellant, a foreign national, contended that his trial counsel in the underlying proceeding failed to apprise him of the adverse immigration consequences of a guilty plea, thus rendering his plea involuntary under *Padilla v. Kentucky*, 559 U.S. 356 (2010). On July 10, 2012, this court issued an opinion reversing the trial court's denial of habeas relief, holding that counsel's performance was deficient under *Padilla*.

*Aguilar v. State*, 375 S.W.3d 518 (Tex. App.—Houston [14th Dist.] 2012). On March 20, 2013, the Court of Criminal Appeals vacated this court's judgment and remanded the case for consideration in light of *Ex parte De Los Reyes*, 392 S.W.3d 675 (Tex. Crim. App. 2013) (declining to accord retroactive effect to *Padilla* as a matter of state habeas law.). On remand, we affirm.

### *Background*

In April 2005, appellant was charged with felony possession of less than one gram of cocaine. On October 26, 2005, appellant pleaded guilty, and accepted a time-served sentence.

Appellant filed an application for writ of habeas corpus on December 21, 2010. In an affidavit presented to the court, appellant averred that his counsel in the cocaine possession case only told him that his guilty plea *could* result in deportation and failed to inform him that the plea would make deportation presumptively mandatory. Appellant further stated that if his counsel had told him that a guilty plea would make deportation presumptively mandatory, he would not have pleaded guilty and would have instead insisted on a trial. He said that residence in the United States was very important to him and was the most important thing to him in respect to the underlying case.

Charles Medlin, appellant's counsel in the underlying case, stated in his affidavit that it was his practice at the time to advise clients that a guilty plea could result in deportation, exclusion of admission, or denial of naturalization, as was also stated in the plea admonishments filed with the court.[1] Medlin further stated that he followed that practice in this case and did not tell appellant whether a guilty

---

[1] The form plea admonishments contain the following language in paragraph 4: "CITIZENSHIP: If you are not a citizen of the United States of America, a plea of either Guilty or Nolo Contendre (No Contest) for this offense may result in your deportation, or your exclusion from admission to the country, or the denial of your naturalization under applicable federal law."

plea definitely would or would not have immigration consequences.

Appellant urged the court to grant habeas corpus relief on the ground that Medlin had provided ineffective assistance of counsel by failing to inform appellant that pleading guilty to possession of a controlled substance rendered his deportation presumptively mandatory. At the conclusion of a brief hearing, during which the two affidavits were admitted into evidence, the trial judge denied appellant's application. The judge stated on the record that Medlin had sufficiently counseled appellant pursuant to prevailing professional norms. Neither findings of fact nor conclusions of law were requested or filed.

On original submission, with one justice dissenting, this court determined that the United States Supreme Court's holding in *Padilla* applied retroactively to appellant's guilty plea and reversed and remanded for a determination by the trial court on the prejudice prong of *Strickland v. Washington*, 466 U.S. 668 (1984). *Aguilar v. State*, 375 S.W.3d at 526–27.

### *Habeas Corpus Review*

We generally review a trial court's decision on an application for habeas corpus under an abuse of discretion standard of review. *See Ex parte Garcia*, 353 S.W.3d 785, 787 (Tex. Crim. App. 2011). An applicant seeking post-conviction habeas corpus relief bears the burden of establishing by a preponderance of the evidence that the facts entitle him to relief. *Ex parte Richardson*, 70 S.W.3d 865, 870 (Tex. Crim. App. 2002). We consider the evidence presented in the light most favorable to the habeas court's ruling. *Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006). This deferential review applies even when the trial court's findings are implied rather than explicit and based on affidavits rather than live testimony. *Ex parte Wheeler*, 203 S.W.3d 317, 325–26 (Tex. Crim. App. 2006); *Charles v. State*, 146 S.W.3d 204, 208 (Tex. Crim. App. 2004).

3

*Analysis*

Appellant based his habeas corpus application on a denial of the effective assistance of counsel, which he argued rendered his plea involuntary. To establish ineffective assistance of counsel, a criminal defendant must prove by a preponderance of the evidence that (1) his trial counsel's representation was deficient in that it fell below the standard of prevailing professional norms and (2) there is a reasonable probability that, but for counsel's deficiency, the result of the proceeding would have been different. *See Strickland*, 466 U.S. at 687; *Salinas v. State*, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005). Both appellant and his former counsel stated in their affidavits that counsel told appellant that a guilty plea to the cocaine possession charge could result in deportation and failed to inform him that the plea would make deportation presumptively mandatory.

In the trial court and on original submission, appellant argued that the holding in *Padilla* should be applied retroactively. After this court issued its opinion on original submission, the United States Supreme Court held in *Chaidez v. United States*, ___ U.S. ___, 133 S.Ct. 1103 (2013), that *Padilla* announced a "new rule" of criminal procedure so that "a person whose conviction is already final may not benefit from the decision in a habeas or similar proceeding." *Id.* at 1107–08 (citing *Teague v. Lane*, 489 U.S. 288, 301 (1988)). In addition, the Court of Criminal Appeals decided that *Padilla*'s rule does not apply retroactively under the Texas Constitution. *See Ex parte De Los Reyes*, 392 S.W.3d at 675. Accordingly, we recognize the abrogation of the rule this court adopted in this case, and we hold that *Padilla* does not apply retroactively to appellant's counsel's representation in the underlying case. *See Ex Parte Luna*, No. 14-11-01063-CR, 2013 WL 1197777 (Tex. App.—Houston [14th Dist.] Mar. 26, 2013, no pet. h.).

Because appellant's conviction became final before *Padilla* was decided,

4

pre-*Padilla* law applies to his habeas application alleging ineffective assistance of counsel. Under that law, "while the Sixth Amendment assures an accused of effective assistance of counsel in criminal prosecutions, [it] does not extend to 'collateral' aspects of the prosecution." *Ex parte Morrow*, 952 S.W.2d 530, 536 (Tex. Crim. App. 1997). Immigration consequences of a guilty plea are considered collateral; therefore, appellant's plea would not be rendered involuntary under the United States or Texas Constitutions even if his attorney were deficient in informing him of the consequences. *See State v. Jimenez*, 987 S.W.2d 886, 888–89 (Tex. Crim. App. 1999). Because appellant had no constitutional right to effective assistance of counsel in warning about the collateral immigration consequences of his guilty plea, the trial court did not abuse its discretion in denying his habeas application. *See Ex parte Luna*, 2013 WL 1197777 at *4.

Therefore, we affirm the trial court's order denying habeas corpus relief.

/s/    Martha Hill Jamison
        Justice

Panel consists of Justices Frost, Jamison, and Donovan.

Do Not Publish — TEX. R. APP. P. 47.2(b).